DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1911.

---

### Fred W. Low, Defendant in Error, v. Northwestern Malleable Iron Company, Plaintiff in Error.

#### Gen. No. 15,364.

1. MUNICIPAL COURT—*when questions of law preserved for review.* In a case tried before the Municipal Court without a jury the presentation of propositions of law and the saving of exceptions are not required to preserve questions of law for decision and the Appellate Court is required to decide cases coming from the Municipal Court on the merits as they appear from the statement or stenographic report signed by the judge.

2. CONTRACTS—*construction of employment providing for installation of cost system at per diem rate.* To employ a concern to install a cost system at a rate of compensation of so much per day is not to give any definite employment and the right to discontinue the services of such concern may be exercised at any time.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed with finding of fact. Opinion filed March 3, 1911.

NEWMAN, NORTHRUP, LEVINSON & BECKER, for plaintiff in error.

FASSETT & ANDREWS, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

An action of the fourth class was commenced in

(540)

the Municipal Court of Chicago by Fred W. Low, the defendant in error, against the Northwestern Malleable Iron Company, the plaintiff in error. The action was brought for the breach of an alleged contract in writing reading as follows:

"Milwaukee, Wis., Jany. 29, 1907.
Northwestern Malleable Iron Company,
Milwaukee, Wisconsin.
Gentlemen:—

I herewith make you the proposition to plan and instruct, at your plant at Milwaukee, Wis., in installing the requisition voucher and cost systems, along the lines suggested in the report of Jany. 17, 1906, of the Committee on uniform cost system to the members of the American Malleable Casting Association.

My compensation for my services to be Twenty-five ($25.00) Dollars per day while actively engaged on said work, and all travelling expenses in connection with the work.

The above proposition is written in duplicate, the acceptance of which by you will constitute the contract between us.

Yours truly,

F. W. Low.

Accepted:
Northwestern Mall. Iron Co.
F. L. Sivyer."

The evidence shows that on January 29, 30 and 31, and February 1, 1907, the plaintiff, defendant in error, did certain work for plaintiff in error, in connection with planning for installing the system referred to in the above contract. On February 1, 1907, after this work had been done, the above contract was entered into, and it was agreed that the time already put in by the plaintiff below was to be applied to and considered as done under the contract. Subsequently the defendant below paid the plaintiff for the work so done, at the stipulated rate in the contract of $25 per day. No further work was ever done by the plaintiff.

On February 1, 1907, when the contract was signed, the superintendent of the defendant company told

the plaintiff below that he would let him know when to continue the work. Thereafter the plaintiff asked Sivyer, the superintendent, several times, whether he should go ahead with the work. Sivyer put him off from time to time, and finally, in the summer of 1907, told the plaintiff below that he did not want his services any more.

The case was tried below upon the plaintiff's theory of the case, that he was entitled to recover at the rate of $25 per day for the time it would have taken to give instructions and install the requisition voucher and cost system complete. A judgment was rendered below on the plaintiff's testimony that as nearly as he could estimate it would have taken from 30 to 33 days, in addition to the 3½ days actually spent on the work and paid for by the plaintiff.

No other evidence of damages to the plaintiff was offered except the statement of plaintiff that after September 1, 1907, he could have given the defendant time to do the work almost any month from February 1, 1908, at its convenience.

The defendant introduced no evidence.

It is urged by the defendant in error that no grounds of reversal are preserved in the record, because there is no dispute in the evidence, and no propositions to be held as law in the case were submitted on the trial, a jury having been waived, and the cause tried before the court without a jury.

This contention is without merit, we think, for two reasons; first, the defendant on the trial moved the court to find the issues for it, and duly excepted to the overruling of the motion. Defendant also excepted to the finding and to the judgment, and we think that under that state of the record it was not necessary to present propositions of law in order to save for review all questions which arise on this record. Furthermore, under section 23 of the Municipal Court Act, paragraph 8, it is unnecessary to preserve exceptions to the rulings and decisions of the Municipal

Court, upon the trial of cases in that court, in order to save the question for review in an Appellate Court; and by the same action the Supreme Court and the Appellate Court, as the case may be, are required to decide the case upon its merits, as they may appear from the statement or stenographic report signed by the judge.

We think therefore that the questions involved in the record are properly preserved for review here.

The contract sued upon is a contract "to plan and instruct, at your plant at Milwaukee, Wis., in installing the requisition voucher and cost system." For this work, under the contract, the plaintiff was to be paid $25 per day. We do not find from the terms used in this contract, considering the evident intention of the parties as ascertained from the words employed, and the connection in which the terms are used, and the subject-matter about which the parties were contracting, that the contract stated any definite employment for any particular length of time, or for the completion of any particular amount of work.

According to the terms used in the contract the plaintiff below was to plan and instruct at the defendant's plant at Milwaukee, Wisconsin, in installing the requisition voucher and cost system. It is not a contract to install the system in the defendant's factory or plant or to do any complete piece or quantity of work. It is simply a contract to plan and instruct at the defendant's plant in Milwaukee, and for that work the plaintiff was to receive $25 per day. There is no undertaking in the contract that the defendant should employ the plaintiff to plan and instruct until the requisition voucher and cost system was completely installed, nor is there anything in the contract from which such an inference may be drawn. A court may not read into the contract any such provision.

We are of the opinion therefore that under the terms of the contract the defendant below was at liberty to employ the plaintiff as many days and for so

long a time as it saw fit; and it might stop such employment whenever in its opinion it was deemed advisable to go no further in the installation of the system in their plant with the assistance of the plaintiff.

Such being our construction of the contract we are of the opinion that the plaintiff had no right of action against the defendant for breach of the contract, for the defendant below committed no breach by refusing to employ the plaintiff further to plan and instruct as provided in the contract.

In view of our conclusion that no recovery can be had on the contract sued on, it is unnecessary for us to discuss the measure of damages applied to the alleged breach of the contract in the trial court.

The judgment of the Municipal Court of Chicago is therefore reversed, with a finding of fact.

*Reversed with finding of fact.*